**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHAEL BEAUMONT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> 2U, INC., Christopher PAUCEK, PAUL LALLJIE, and MATT NORDEN, <br><br> Defendants. | Case No.: 8:24-cv-01723-DLB <br><br> Hon. Deborah L. Boardman |

**PETER GYSBERS' OPPOSITION TO COMPETING MOTIONS**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

## PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts to appoint as "lead plaintiff" the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). That person or entity is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u–4(a)(3)(B)(iii)(I). Peter Gysbers ("Mr. Gysbers") is the movant with the largest financial interest in the outcome of the litigation who also satisfies Rule 23's typicality and adequacy requirements. Therefore, the Court should grant Mr. Gysbers' motion and approve him and his chosen counsel as lead plaintiff and lead counsel, respectively.

Courts in this District typically evaluate financial interests using the following four factors: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at *11 (D. Md. Feb. 28, 2019). Under these factors, Mr. Gysbers is the movant with the "largest financial interest" in the litigation:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Peter Gysbers** | 114,000 | 72,000 | $514,564.42 | $488,890.86 |
| ~~**Roger Huston and Monty Guiles**[1]~~ | ~~148,000~~ | ~~130,000~~ | ~~$372,509.47~~ | ~~$326,271.00~~ |
| ~~*Roger Huston*~~ | ~~55,000~~ | ~~40,000~~ | ~~$225,748.00~~ | ~~$211,520.65~~ |
| ~~*Monty Guiles*~~ | ~~93,000~~ | ~~90,000~~ | ~~$146,761.47~~ | ~~$114,749.92~~ |

---

[1] On August 26, 2024, Roger Huston and Monty Guiles filed a notice of non-opposition stating that they, "do not have the "largest financial interest" in this litigation". *See* ECF No. 21.

| | | | | |
|---|---|---|---|---|
| **Benjamin Craft Turner** | 17,000 | 17,000 | $39,241.66 | $33,195.03 |
| ~~Pavel Peychev[2]~~ | ~~6,300~~ | ~~5,190~~ | ~~$12,778.93~~ | ~~$10,887.16~~ |

*See* ECF Nos. 12-4, 13-5, 14-5, and 15-3.

With nearly $498,000 of claimed losses, Mr. Gysbers has a strong incentive to vigorously represent the class's claims. These losses are directly attributable to Mr. Gysbers' purchases of 2U, Inc. ("2U") securities on the open market and the damages he sustained as a result thereof. Thus, his claims are exactly the same as every other member of the class. If appointed, Mr. Gysbers is well qualified to oversee this litigation given his 30 years of investing experience. *See* ECF No. 12-6 (Mr. Gysbers' Declaration). Mr. Gysbers' evidentiary showing on the motion is sufficient to trigger the PSLRA's presumption of "most adequate plaintiff" to serve as the lead plaintiff and, as demonstrated below, none of the other movants will be able to rebut that presumption. Accordingly, Mr. Gysbers respectfully requests that his motion be granted in its entirety.

## ARGUMENT

### I.    THE PROCESS FOR APPOINTING A LEAD PLAINTIFF UNDER THE PSLRA.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and

---

[2] On August 21, 2024, Pavel Peychev withdrew his motion. *See* ECF No. 16.

2

"otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

## II.    FINANCIAL INTEREST IS MEASURED USING FOUR FACTORS.

When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest and then decide whether they have met the adequacy and typicality requirements of Rule 23. 15 U.S.C. §78u-4 (a)(3)(B)(iii)(I)(bb). Courts in this District routinely consider four factors when evaluating a movant's financial interests in the litigation: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *See Palm Tran, Inc. v. Emergent Biosolutions*, No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894, at *12 (D. Md. Dec. 23, 2021).

Using these four factors, the following table provides the financial interests of each movant:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Peter Gysbers** | 114,000 | 72,000 | $514,564.42 | $488,890.86 |
| ~~**Roger Huston and Monty Guiles**~~ | ~~148,000~~ | ~~130,000~~ | ~~$372,509.47~~ | ~~$326,271.00~~ |
| ~~*Roger Huston*~~ | ~~55,000~~ | ~~40,000~~ | ~~$225,748.00~~ | ~~$211,520.65~~ |
| ~~*Monty Guiles*~~ | ~~93,000~~ | ~~90,000~~ | ~~$146,761.47~~ | ~~$114,749.92~~ |
| **Benjamin Craft Turner** | 17,000 | 17,000 | $39,241.66 | $33,195.03 |

| ~~Pavel Peychev~~ | ~~6,300~~ | ~~5,190~~ | ~~$12,778.93~~ | ~~$10,887.16~~ |

*See* ECF Nos. 12-4, 13-5, 14-5, and 15-3.

Mr. Gysbers is the remaining movant with the largest individual financial loss under all four factors considered by courts within this District. Generally, courts have considered the fourth factor, the magnitude of the loss suffered, to be the most important factor. *See, Rodriguez v. Draftkings Inc.,* 2021 U.S. Dist. LEXIS 219489, at *11 (S.D.N.Y. Nov. 12, 2021) ("Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (Although courts have differed on how much weight to assign to each of the <u>Lax</u> factors, we, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Cavanaugh,* 306 F.3d 726, 727 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status*"); Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure."). Mr. Gysbers suffered the greatest loss with over ***$160,000 more*** than the closest movant group.

III.   **MR. GYSBERS IS THE MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION AND ALSO MEETS THE RULE 23 REQUIREMENTS.**

As demonstrated above, Mr. Gysbers has the largest financial interest in this litigation by far. Mr. Gysbers also satisfies the typicality and adequacy requirements of Rule 23. At the lead plaintiff stage, however, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.  *Switzenbaum v. Orbital Scis. Corp.,* 187 F.R.D. 246, 250 (E.D. Va. 1999); "[O]nce the presumption is triggered, the question is

4

not whether another movant might do a better job of protecting the interest of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead will not do a 'fair and adequate' job." *India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at \*23 (emphasis in original) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)).

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while relying on the alleged misrepresentations and suffered losses as a result. *See Klugmann v. Am. Capital Ltd.*, No. PJM 09-5, 2009 U.S. Dist. LEXIS 71895, at \*14 (D. Md. Aug. 12, 2009) ("The typicality requirement is satisfied when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory.").  Mr. Gysbers' claims are typical of those of other Class members because, like other Class members, he purchased 2U securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. *See* ECF No. 12-1 (Memorandum in Support of Motion). Moreover, Mr. Gysbers' claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at \*13-14 (S.D.N.Y. Nov. 24, 2008).

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Gysbers must make a preliminary showing that he "has the ability and incentive to represent the claims of the class vigorously whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *India Globalization*, 2019 U.S. Dist. LEXIS 33329, at \*16 (citing *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988). Mr. Gysbers has shown that his choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able

5

to conduct the litigation. *See* ECF. No. 12-7 (Levi & Korsinsky firm resume). This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Gysbers has no conflicts with other Class Members. *See* ECF No. 12-1 at pp. 9-10 (Memorandum in Support of Motion); *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, not only is there no evidence of any antagonism between Mr. Gysbers' interests and those of the Class, but Mr. Gysbers has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Finally, Mr. Gysbers has further demonstrated his adequacy by submitting a declaration in support of his Motion attesting that he is a sophisticated investor by providing his employment and years of investing experience. *See* ECF No. 12-6 (Mr. Gysbers' Declaration). Mr. Gysbers resides in Alberta, Canada, where he is employed as ramp service agent at West Jet airlines. *Id.* at ¶3. He has been investing in securities for approximately 30 years. *Id.* at ¶3. Further, in his certification and declaration, Mr. Gysbers states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 12-3 and 12-6 (Mr. Gysbers' PSLRA Certification & Declaration).

Mr. Gysbers, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Gysbers is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C §78u-4(a)(3)(B)(iii)(II). Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.,* 1:20-CV-03459-

6

PAC, 2020 U.S. Dist. LEXIS 140885, at *5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *Cavanaugh*, 306 F.3d 726, 732). This presumption may be rebutted only upon **proof** by a class member that he "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C §78u-4(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (internal quotation and citation omitted); *see also Rice v. Genworth Fin. Inc.*, C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *24 (E.D. Va. Aug. 25, 2017) ("To demonstrate that the lead plaintiff will be inadequate, courts require a showing of 'specific support in evidence of the existence of an actual or potential conflict of interest.'"); *Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"). This the other movants have not, and cannot, do.

## CONCLUSION

For the reasons set forth above and in the opening motion papers, Mr. Gysbers respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky LLP as Lead Counsel for the Class.

*[Signature on following page]*

Dated: August 26, 2024                    Respectfully Submitted,


                                          **LEVI & KORSINSKY, LLP**


                                          By: */s/ Jordan A. Cafritz*
                                          Jordan A. Cafritz (Bar #:20908)
                                          1101 30th Street NW, Suite 115
                                          Washington, D.C. 20007
                                          Tel: (202) 774-5795
                                          Fax: (212) 363-7171
                                          Email: jcafritz@zlk.com

                                          **LEVI & KORSINSKY, LLP**
                                          Adam M. Apton (*pro hac vice* forthcoming)
                                          33 Whitehall Street, 17th Floor
                                          New York, NY 10004
                                          Tel: (212) 363-7500
                                          Fax: (212) 363-7171
                                          Email: aapton@zlk.com

                                          *Lead Counsel for Peter Gysbers and*
                                          *[Proposed] Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Jordan A. Cafritz, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 26 day of August 2024.

*/s/ Jordan A. Cafritz*
Jordan A. Cafritz

9