## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| |
|---|
| Michael Beaumont, Individually and on Behalf of All Others Similarly Situated, |
| Plaintiff, |
| v. |
| Christopher Paucek, Paul Lalljie, and Matt Norden, |
| Defendants. |

Case No. 8:24-cv-01723-ABA

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

LEGAL STANDARD...........................................................................................................3

ARGUMENT....................................................................................................................5

      A.      Plaintiff's Extensive Reliance on Exhibits 1-24 Justifies Incorporation
             By Reference......................................................................................................5

      B.      The Exhibits Are Properly Subject to Judicial Notice ............................................9

CONCLUSION...............................................................................................................11

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*,
367 F.3d 212 (4th Cir. 2004) ....................................................................................4, 6

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
2013 WL 6441843 (N.D. Cal. Dec. 9, 2013) ............................................................11

*Cozzarelli v. Inspire Pharms. Inc.*,
549 F.3d 618 (4th Cir. 2008) ....................................................................................4, 7

*Goines v. Valley Cmty. Servs. Bd.*,
822 F.3d 159 (4th Cir. 2016) ....................................................................................4, 6

*Gray v. Wesco Aircraft Holdings, Inc.*,
454 F. Supp. 3d 366 (S.D.N.Y. 2020) ...........................................................................4

*In re Acterna Corp. Sec. Litig.*,
378 F. Supp. 2d 561 (D. Md. 2005) ...................................................................5, 7, 10

*In re Egalet Corp. Sec. Litig.*,
340 F. Supp. 3d 479 (E.D. Pa. 2018), *aff'd sub nom. Spizzirri v. Zyla Life
Scis.*, 802 F. App'x 738 (3d Cir. 2020) ......................................................................10

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019) ........................................................................10

*In re Humphrey Hospitality Trust, Inc. Sec. Litig.*,
219 F. Supp. 2d 675 (D. Md. 2002) ...............................................................................7

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
543 F. Supp. 3d 96 (D. Md. 2021) .............................................................................3, 4

*In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*,
876 F. Supp. 2d 616 (D. Md. 2012), *aff'd sub nom. Yates v. Mun. Mortg. &
Equity, LLC*, 744 F.3d 874 (4th Cir. 2014) ...............................................................9, 10

*In re PEC Sols., Inc. Sec. Litig.*,
418 F.3d 379 (4th Cir. 2005) .........................................................................4, 5, 10, 11

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
351 F. Supp. 2d 334 (D. Md. 2004) ...............................................................................6

*Kramer v. Time Warner, Inc.*,
937 F.2d 767 (2d Cir. 1991) ...........................................................................................5

*Lefkoe v. Jos. A. Bank Clothiers*,
2008 WL 7275126 (D. Md. May 13, 2008).........................................................................5, 10

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ...............................................................................................6

*Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*,
966 F. Supp. 2d 525 (M.D.N.C. 2013) ................................................................................4

*Reckstin Family Tr. v. C3.ai, Inc.*,
2024 WL 734497 (N.D. Cal. Feb. 22, 2024) .......................................................................6

*Scott & Stringfellow, LLC v. AIG Com. Equip. Fin., Inc.*,
2011 WL 1348324 (E.D. Va. Apr. 8, 2011) .......................................................................10

*Sec'y of State For Defence v. Trimble Navigation Ltd.*,
484 F.3d 700 (4th Cir. 2007) ...........................................................................................4, 5

*Sneed v. AcelRx Pharms., Inc.*,
2022 WL 4544721 (N.D. Cal. Sept. 28, 2022) ....................................................................5

*Tchatchou v. India Globalization Cap. Inc.*,
2021 WL 307415 (D. Md. Jan. 29, 2021)...........................................................................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)..........................................................................................................3, 4

*Vaitkuviene v. Syneos Health, Inc.*,
2021 WL 3856452 (E.D.N.C. Aug. 30, 2021), *aff'd sub nom. San Antonio
Fire & Police Pension Fund v. Syneos Health Inc.*, 75 F.4th 232 (4th Cir.
2023) .....................................................................................................................................6

*Yates v. Mun. Mortg. & Equity, LLC*,
744 F.3d 874 (4th Cir. 2014) .............................................................................................11

**RULES**

Fed. R. Evid. 201(b)...................................................................................................................3, 5, 9

iii

In connection with their concurrently filed Motion to Dismiss the Amended Class Action Complaint ("Motion"), Defendants Christopher Paucek, Paul Lalljie, and Matt Norden ("Defendants") respectfully request that the Court consider the following exhibits when deciding Defendants' Motion. Each exhibit is incorporated by reference into the Amended Complaint ("AC") or is properly subject to judicial notice. Each exhibit is attached to the concurrently filed Declaration of Matthew J. Peters in Support of Defendants' Motion to Dismiss:

- **Exhibit 1**: a true and correct copy of the transcript of 2U's February 9, 2022 earnings call discussing financial results for the fourth quarter and full year 2021 ("FY 2021 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 2**: a true and correct copy of 2U's Form 8-K and full year and fourth quarter 2021 press release ("FY 2021 Form 8-K"), which was filed on February 9, 2022 and is available on the SEC website at www.sec.gov/edgar.

- **Exhibit 3**: a true and correct copy of 2U's annual report on Form 10-K for the period ended December 31, 2021 ("FY 2021 Form 10-K"), which was filed with the SEC on March 1, 2022, and is available on the SEC website at www.sec.gov/edgar.

- **Exhibit 4**: a true and correct copy of the transcript of 2U's May 5, 2022 earnings call discussing financial results for the first quarter of 2022 ("Q1 2022 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 5:** a true and correct copy of 2U's Form 8-K and first quarter 2022 press release, which were filed with the SEC on May 5, 2022 ("Q1 2022 Form 8-K"), and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 6**: a true and correct copy of 2U's quarterly report on Form 10-Q for the period ended March 31, 2022 ("Q1 2022 Form 10-Q"), which was filed with the SEC on May 10, 2022, and is available on the SEC website at www.sec.gov/edgar.

- **Exhibit 7**: a true and correct copy of the transcript of 2U's July 28, 2022 earnings call discussing financial results for the second quarter of 2022 ("Q2 2022 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 8**: a true and correct copy of the transcript of 2U's November 7, 2022 earnings call discussing financial results for the third quarter of 2022 ("Q3 2022 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 9**: a true and correct copy of 2U's Form 8-K and third quarter 2022 press release ("Q3 2022 Form 8-K"), which were filed with the SEC on November 7, 2022, and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 10**: a true and correct copy of 2U's quarterly report on Form 10-Q for the period ended September 30, 2022 ("Q3 2022 Form 10-Q"), which was filed with the SEC on November 7, 2022, and is available on the SEC website at www.sec.gov/edgar.

- **Exhibit 11**: a true and correct copy of 2U's Form 8-K and press release announcing its debt refinancing transactions ("January 2023 Form 8-K"), which were filed with the SEC on January 9, 2023, and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 12**: a true and correct copy of 2U's annual report on Form 10-K for the period ended December 31, 2022 ("FY 2022 Form 10-K"), which was filed with the SEC on February 21, 2023, and is available on the SEC website at www.sec.gov/edgar.

- **Exhibit 13**: a true and correct copy of the transcript of 2U's April 26, 2023 earnings call, discussing financial results for the first quarter of 2023 ("Q1 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 14:** a true and correct copy of 2U's Form 8-K and first quarter 2023 press release, which were filed with the SEC on April 26, 2023 ("Q1 2023 Form 8-K"), and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 15:** a true and correct copy of 2U's quarterly report on Form 10-Q for the period ended March 31, 2023 ("Q1 2023 Form 10-Q"), which was filed with the SEC on April 28, 2023, and is available on the SEC website at www.sec.gov/edgar.

- **Exhibit 16**: a true and correct copy of the transcript of 2U's August 8, 2023 earnings call, discussing financial results for the second quarter of 2023 ("Q2 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 17:** a true and correct copy of 2U's Form 8-K and second quarter 2023 press release, which were filed with the SEC on August 8, 2023 (Q2 2023 Form 8-K"), and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 18**: a true and correct copy of 2U's quarterly report on Form 10-Q for the period ended June 30, 2023 ("Q2 2023 Form 10-Q"), which was filed with the SEC on August 8, 2023, and is available on the SEC website at www.sec.gov/edgar.

- **Exhibit 19**: a true and correct copy of the transcript of 2U's November 9, 2023 earnings call, discussing financial results for the third quarter of 2023 ("Q3 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 20**: a true and correct copy of the transcript of 2U's February 12, 2024 earnings call, discussing financial results for the fourth quarter and full year 2023 ("FY 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 21**: true and correct copies of Defendant Paul Lalljie's Form 4s for the period April 5, 2022 to July 3, 2024, which were filed with the SEC and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 22**: true and correct copies of Defendant Matt Norden's Form 4s for the period April 5, 2022 to July 3, 2024, which were filed with the SEC and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 23**: true and correct copies of Defendant Christopher Paucek's Form 4s for the period April 5, 2022 to July 3, 2024, which were filed with the SEC and are available on the SEC website at www.sec.gov/edgar.

- **Exhibit 24:** a true and correct copy of 2U's Form 8-K and press release, which was filed on April 4, 2024 ("April 2024 Form 8-K") and is available on the SEC website at www.sec.gov/edgar.

This Court may appropriately consider all of these documents in connection with the Motion. *First*, the AC relies on all of these documents—which include 2U's filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, and earnings call transcripts—to such a degree that they are incorporated by reference into the AC and may be considered in connection with the Motion. *Second*, these documents are also properly subject to judicial notice under Federal Rule of Evidence 201(b), because each is a matter of public record and/or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## LEGAL STANDARD

In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions" such as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 332 (2007); *see In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 123 n.4 (D. Md. 2021) (similar). The Court is likewise entitled to have the full context surrounding Plaintiff's allegations

3

at its disposal. *Tellabs*, 551 U.S. at 322. "[S]uch reliance does not convert such a motion into one for summary judgment." *In re Marriott Int'l,* 543 F. Supp. 3d at 123 n.4.

The doctrine of incorporation by reference enables the Court to consider "documents that are attached to the complaint," as well as "documents attached … to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (explaining that a document is incorporated into a complaint by reference if it is "integral to the complaint and there is no dispute about the document's authenticity"); *Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536 (M.D.N.C. 2013) (same). The entirety of a document deemed incorporated by reference is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 625 (4th Cir. 2008) (holding that the court "must examine the facts as a whole, including facts found in 'documents incorporated into the complaint by reference'") (quoting *Tellabs,* 551 U.S. at 322); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 388 n.7 (4th Cir. 2005) (explaining that the court is "not strictly limited to the four corners of the complaint when examining this complaint").

The reason for this rule is well-settled: it "seeks to prevent [] the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted); *see Gray v. Wesco Aircraft Holdings, Inc.,* 454 F. Supp. 3d 366, 382 (S.D.N.Y. 2020) ("Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such

4

documents could not be dismissed even though they would be doomed to failure.") (quoting *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991)).

Independently, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including SEC filings and press releases, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case. *See, e.g.*, *In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d at 388 n.7 (holding that courts may take judicial notice of documents publicly filed with the SEC and documents relied upon in the complaint); *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561, 571 (D. Md. 2005) (noting "SEC filings, press releases, stock price tables, and other material on which plaintiff's allegations necessarily rely" are proper subjects of judicial notice). Likewise, transcripts of earnings calls are judicially noticeable to show what information was known to the market at a given time. *See Lefkoe v. Jos. A. Bank Clothiers*, 2008 WL 7275126, at *4, 8 (D. Md. May 13, 2008) (taking judicial notice of earnings call transcripts); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (same).

## ARGUMENT

### A.   Plaintiff's Extensive Reliance on Exhibits 1-24 Justifies Incorporation By Reference

Exhibits 1-24—securities filings, earnings call transcripts, and press releases—are all incorporated by reference into the AC and may be considered in deciding Defendants' Motion.

As discussed above, under the incorporation-by-reference doctrine, courts can consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Supra* at 4; *see, e.g.*, *Trimble Navigation Ltd.*, 484 F.3d 700 at 705. Exhibits 1 through 18 readily meet that definition; those documents are explicitly referenced and quoted throughout

the AC, and statements from them are central to Plaintiff's securities-fraud claims. *E.g.*, AC ¶¶ 142, 156, 174. Plaintiff's securities-fraud claims are premised on the theory that certain statements from Exhibits 1-18 were false or misleading. *E.g.*, AC ¶¶ 171, 183, 228-229. The AC also provides block quotes from these exhibits. *E.g.*, AC ¶¶ 144, 170, 189-191. Defendants provide the full text of each of these documents so the Court may consider Plaintiff's allegations in context. *See, e.g.*, *Am. Chiropractic Ass'n*, 367 F.3d at 234 (incorporation-by-reference doctrine seeks to prevent a plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint") (citation omitted); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based").

Moreover, all Exhibits, including Exhibits 19-24, are "integral" to Plaintiff's allegations that Defendants violated the securities laws. *Goines*, 822 F.3d at 166. Plaintiff references Exhibits 19 and 20 in arguing that these earnings call transcripts disclosed 2U's debt and portfolio-management activities. AC ¶¶ 121, 127-128. The Court should consider these exhibits as incorporated by reference because Plaintiff specifically quotes them in the AC and they form the basis of Plaintiff's loss causation argument. *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 349 (D. Md. 2004) (noting the court is "entitled to rely on public documents quoted by, relied upon, incorporated by reference or otherwise integral to the complaint"); *Reckstin Family Tr. v. C3.ai, Inc.*, 2024 WL 734497, at *5 n.8 (N.D. Cal. Feb. 22, 2024) (considering analyst reports that plaintiff relied on for loss causation argument in connection with motion to dismiss).

And Exhibits 21-23, which reflect Defendants' sales of 2U stock during the Class Period, form the basis of Plaintiff's assertion that Defendants' stock transactions raise an inference of scienter. *See* AC ¶¶ 263-67 (alleging stock sales support scienter); *see also id* ¶ 2 (alleging that the AC's allegations were based, in part, on Plaintiff's review of 2U's SEC filings). Because the AC "explicit[ly]" refers to these transactions, providing, for example, "the exact number of shares sold," the Form 4s detailing these transactions are appropriately considered in full in deciding Defendants' Motion. *Vaitkuviene v. Syneos Health, Inc.*, 2021 WL 3856452, at *6 (E.D.N.C. Aug.

6

30, 2021), *aff'd sub nom. San Antonio Fire & Police Pension Fund v. Syneos Health Inc.*, 75 F.4th 232 (4th Cir. 2023) (incorporating by reference Defendants' Form 4s); *see also, e.g.*, *Cozzarelli*, 549 F.3d at 625 (court need "not decide the issue of scienter by viewing individual allegations in isolation" and "must examine the facts as a whole, including facts found in documents incorporated into the complaint by reference") (citation omitted).

The same is true for Exhibit 24, 2U's public disclosure of Norden and Lalljie's retention bonuses. Plaintiff references this disclosure in arguing that Defendants received financial benefits while the Company's financial position "deteriorate[d]." AC ¶¶ 2, 18, 132. The Court can consider the full context of this disclosure when analyzing Plaintiff's scienter allegations. *See, e.g.*, *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d at 571 (holding that the court may "consider any relevant press releases and public disclosure documents referenced and relied upon by Plaintiffs"); *In re Humphrey Hospitality Trust, Inc. Sec. Litig.*, 219 F. Supp. 2d 675, 684 (D. Md. 2002) (court may take judicial notice of SEC filings, even if not attached to the complaint).

Finally, there is no reason to question the authenticity of any of these documents. Exhibits 2-3, 5-6, 9-12, 14-15, 17-18, and 21-24 were filed with the SEC and are publicly available on the SEC's website. And Exhibits 1, 4, 7-8, 13, 16, 19-20 are all available online as well (as is clear from Plaintiff's repeated citation to and quotation of them, *see* AC ¶¶ 121, 127-128, 143-144, 154-156, 168-170, 172-173, 176-177, 189-191, 213, 225-227, 230). All of these exhibits thus are incorporated by reference in the AC, and the Court may consider them when evaluating Defendants' motion. *E.g.*, *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d at 571.

Accordingly, Defendants respectfully request that the Court consider the following documents, each of which is incorporated by reference in the AC:

| Exhibit No. | Description | Referenced in the AC |
|---|---|---|
| Exhibit 1 | 2U's February 9, 2022 earnings call transcript, discussing financial results for FY 2021. | ¶¶ 143-144 |

7

| Exhibit 2 | 2U's Form 8-K and full year and fourth quarter 2021 press release, which were filed with the SEC on February 9, 2022. | ¶¶ 62, 142-143 |
|---|---|---|
| Exhibit 3 | 2U's FY 2021 Form 10-K, which was filed with the SEC on March 1, 2022. | ¶¶ 147-151 |
| Exhibit 4 | 2U's May 5, 2022 earnings call transcript, discussing financial results for Q1 2022. | ¶¶ 154-156 |
| Exhibit 5 | 2U's Form 8-K and first quarter 2022 press release, which were filed with the SEC on May 5, 2022. | ¶ 153 |
| Exhibit 6 | 2U's Q1 2022 Form 10-Q, which was filed with the SEC on May 10, 2022. | ¶¶ 157-162 |
| Exhibit 7 | 2U's July 28, 2022 earnings call transcript, discussing financial results for Q2 2022. | ¶¶ 168-170, 172-173, 176-177 |
| Exhibit 8 | 2U's November 7, 2022 earnings call transcript, discussing financial results for Q3 2022. | ¶¶ 189-193 |
| Exhibit 9 | 2U's Form 8-K and third quarter 2022 press release, which were filed with the SEC on November 7, 2022. | ¶¶ 179-180 |
| Exhibit 10 | 2U's Q3 2022 Form 10-Q, which was filed with the SEC on November 7, 2022. | ¶¶ 181-183 |
| Exhibit 11 | 2U's Form 8-K and press release announcing its debt refinancing transactions, while were filed with the SEC on January 9, 2023 | ¶¶ 197-200 |
| Exhibit 12 | 2U's FY 2022 Form 10-K which was filed with the SEC on February 21, 2023. | ¶¶ 202-206 |
| Exhibit 13 | 2U's April 26, 2023 earnings call transcript, discussing financial results for Q1 2023. | ¶¶ 213-214 |
| Exhibit 14 | 2U's Form 8-K and first quarter 2023 press release, which were filed with the SEC on April 26, 2023 | ¶ 212 |
| Exhibit 15 | 2U's Q1 2023 Form 10-Q, which was filed with the SEC on April 28, 2023. | ¶¶ 215-219 |
| Exhibit 16 | 2U's August 8, 2023 earnings call transcript, discussing financial results for Q2 2023. | ¶¶ 225-230 |

| Exhibit 17 | 2U's Form 8-K and second quarter 2023 press release, which were filed with the SEC on August 8, 2023 | ¶¶ 220 |
|---|---|---|
| Exhibit 18 | 2U's Q2 2023 Form 10-Q, which was filed with the SEC on August 8, 2023. | ¶¶ 221-224 |
| Exhibit 19 | 2U's November 9, 2023 earnings call transcript, discussing financial results for Q3 2023. | ¶ 121 |
| Exhibit 20 | 2U's February 12, 2024 earnings call transcript, discussing financial results for FY 2023. | ¶¶ 127-128 |
| Exhibit 21 | Defendant Paul Lalljie's Form 4s for the period April 5, 2022 to July 3, 2024, which were filed with the SEC. | ¶¶ 263-267 |
| Exhibit 22 | Defendant Matt Norden's Form 4s for the period April 5, 2022 to July 3, 2024, which were filed with the SEC. | ¶¶ 263-267 |
| Exhibit 23 | Defendant Christopher Paucek's Form 4s for the period April 5, 2022 to July 3, 2024, which were filed with the SEC. | ¶¶ 263-267 |
| Exhibit 24 | 2U's Form 8-K and press release, which was filed with the SEC on April 4, 2024. | ¶¶ 2, 18 |

## B.    The Exhibits Are Properly Subject to Judicial Notice

Independently, facts contained within Exhibits 1-24 are properly subject to judicial notice because these documents are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may take judicial notice of Exhibits 2-3, 5-6, 9-12, 14-15, 17-18, and 24 because they are true and correct copies of 2U's Forms 10-Q, 8-K, and 10-K, which were all filed with the SEC. Defendants seek judicial notice of these exhibits not for the truth of the matter asserted, but for the fact that Defendants made certain disclosures to the market on specific dates. *See In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d 616, 626 n. 7 (D. Md. 2012), *aff'd sub nom. Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874 (4th Cir. 2014) ("Judicial notice is appropriate of the content of S.E.C. filings, to the extent that this establishes that the statements

9

therein were made").    Courts routinely take judicial notice of a company's SEC filings in securities-fraud cases to analyze the full context of alleged misstatements.  *See, e.g.*, *Tchatchou v. India Globalization Cap. Inc.*, 2021 WL 307415, at \*5 (D. Md. Jan. 29, 2021) (taking judicial notice of Form 10-Q and noting that plaintiffs' "allegations of false statements must be analyzed in context"); *Scott & Stringfellow, LLC v. AIG Com. Equip. Fin., Inc.*, 2011 WL 1348324, at \*6 n.3 (E.D. Va. Apr. 8, 2011) ("A court may take judicial notice of SEC filings when ruling on a motion to dismiss."); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379 at 390 n.10 (same); *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d at 571 ("In securities fraud actions, courts will also examine the other information that was publicly available to reasonable investors at the time the defendant made statements plaintiffs alleged were fraudulent, including … press releases … on which plaintiff's allegations necessarily rely"); *In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d at 626 n.7 (same).

Likewise, the court can take judicial notice of Exhibits 1, 4, 7-8, 13, 16, and 19-20 which are transcripts of calls Defendants held with investors discussing 2U's financial results.  Courts routinely take judicial notice of earnings call transcripts, particularly when the plaintiff alleges the calls contain alleged misstatements.  *See* Exhibits 1, 4, 7-8, 13, 16; *see, e.g.*, *In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d at 626 n.7; *see also Lefkoe*, 2008 WL 7275126, at \*4 (taking judicial notice of publicly available earnings conference call transcripts); *In re Facebook, Inc. Sec. Litig.,* 405 F. Supp. 3d 809, 827-28 (N.D. Cal. 2019) (finding judicial notice appropriate for publicly available transcripts of conference calls).

Lastly, Exhibits 21-23—SEC Form 4s for Defendants Paucek, Lalljie, and Norden—are the kind of filing courts routinely take judicial notice of when evaluating scienter in securities-fraud class actions.  *See, e.g., In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 512-13 (E.D. Pa.

2018), *aff'd sub nom. Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738 (3d Cir. 2020) (taking judicial notice of Form 4s).  A court may take judicial notice of Form 4s where, as here, a plaintiff's scienter allegations "rely on a defendant's stock sales." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013); *see In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379 at 390, n.10 (taking judicial notice of the defendants' SEC filings related to sale of stock); *Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 881 (4th Cir. 2014) (taking "judicial notice of the content of relevant SEC filings and other publicly available documents included in the record").

### CONCLUSION

For the foregoing reasons,  Defendants respectfully request that the Court consider Exhibits 1 through 24 in assessing Defendants' Motion to Dismiss.

Dated: February 13, 2025

Respectfully submitted,

/s/ *Matthew J. Peters*
Andrew Brian Clubok (admitted *pro hac vice*)
Matthew J. Peters (Bar No. 21902)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004
Tel: (202)-637-2200
Fax: (202)-637-2201
andrew.clubok@lw.com
matthew.peters@lw.com

Melanie M. Blunschi (admitted *pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street Suite 2000
San Francisco, CA 94111
Tel.: (415)-391-0600
melanie.blunschi@lw.com

*Attorneys for Defendants Christopher Paucek,*
*Paul Lalljie, and Matt Norden*

11